[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTIONS TO PRECLUDE(PLEADINGS NOS. 205, 208. 209)
The plaintiff requests this court to enter an order precluding defendant Bridgeport Radiology Associates, P.C. from offering the expert testimony of Dr. David S. Ettinger, Dr. Larry R. Kaiser, and Dr. Leslie Litsky on the grounds the defendant has untimely disclosed these persons as expert witnesses. The motions are denied.
On February 18, 1992, this court (Katz, J.) granted the defendant an extension of time to identify and disclose its expert witnesses to sixty days after the deposition of the plaintiff's experts (See pleading no. 139). As of today, the depositions of the plaintiff's experts have not been completed. The plaintiff argues that the order of February 18, 1992, was supplanted by a scheduling order entered by Judge Ballen in March of 1994. Apparently, counsel met in chambers with Judge Ballen in March of 1994 and agreed upon a schedule for deposing the plaintiff's CT Page 686 experts. The court, however, never entered an order with respect to the parties' agreement. The parties have not complied with their schedule. Each side blames the other for the failure of the parties to complete the depositions. At this time, the court can not fairly assess fault for the failure to complete the depositions.
On December 5, 1995, and on January 10, 1996, the defendant disclosed the names of three expert witnesses. The plaintiff asserts three reasons why this court should preclude the defendant from presenting the testimony of these experts.
First, the plaintiff asserts the disclosure is in violation of Practice Book § 220D. The disclosure, however, is in compliance with the order of February 18, 1992.
Second, the plaintiff asserts the disclosure is in violation of an order entered by Judge hauser [Hauser] on November 22, 1995, when he granted defendant's motion to allow out-of-state counsel to appearpro hac vice. Judge Hauser stated that his granting of the motion "should not be taken as an invitation for additional discovery to be filed." The defendant does not seek discovery from the plaintiff. The disclosure of the expert witnesses by the defendant is not in violation of an order entered by Judge Hauser.
Third, the plaintiff asserts the disclosure will inject a wholly new medical issue and defense into this action on the eve of trial. In the disclosure, the defendant states the experts will testify that there is no causal connection between the defendant radiologists' acts of alleged omissions and Harvey White's death. This court can not conclude that causation was not an issue in this case before the disclosure was filed. From a review of the pleadings, it appears causation was always an issue.
The plaintiff claims he is prejudiced by the disclosure because this case is scheduled for trial in March of 1996. This case, as well as thirty-two others, is on a list of cases "exposed" to trial during the week of March 4, 1996. Considering the state of the docket and the number of judges assigned to hear civil jury cases in this judicial district, the trial date of March 4, 1996, is only a tentative date. Any prejudice to the plaintiff can be obviated by a continuance to allow the plaintiff time to investigate any opinions proffered by an expert on causation or any other issue. CT Page 687
The motions to preclude are denied.
THIM, JUDGE